UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

16-CV-21233-GAYLES/TURNOFF

**MAXIMA INTERNATIONAL, S.A.,**

       **Plaintiff,**

v.

**INTEROCEAN LINES, INC.,**

       **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Interocean Lines, Inc.'s ("Interocean") Motion to Dismiss for Forum Non Conveniens [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

## BACKGROUND[1]

On March 26, 2015, Interocean, a common carrier, received a cargo shipment of computer equipment for ocean transportation from Miami, Florida to Callao, Peru. Plaintiff Maxima International, S.A. ("Maxima"), was the consignee on the bill of lading. On April 10, 2015, pursuant to Maxima's instructions, Interocean delivered the cargo to the APM Terminal at the Port

---

[1] The Court takes the allegations from the Complaint [ECF No. 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). In considering a motion to dismiss pursuant to *forum non conveniens*, "the Court may, in deciding Defendants' motion, consider facts alleged by Defendants in their moving papers and by Plaintiffs in response, in addition to the facts alleged by Plaintiffs in the Complaint." *Dabbous v. Am. Exp. Co.*, No. 06 CIV.11345(DAB), 2009 WL 1403930, at *3 n.1 (S.D.N.Y. May 8, 2009).

of Callao, Peru.  *See* Declaration of Juan Carlos Salazar [ECF No. 10-1].  The cargo was then lost or stolen, purportedly by a third party, before receipt by Maxima.

On April 7, 2016, Maxima filed this action, alleging a claim for damages under the Carriage of Goods by Sea Act ("COGSA").  Plaintiff asserted venue is proper in the Southern District of Florida pursuant to a forum selection clause in Interocean's Bill of Lading, which provides:

> 27.  GOVERNING LAW AND JURISDICTION.  All disputes in any way relating to this Bill of Lading, including claims for loss, damage, or delay, shall be determined by the United States District Court for the Southern District of Florida, in Miami, Florida, to the exclusion of the jurisdiction of any other courts or tribunals in the United States or any other country.  The laws of the United States of America shall govern any such proceeding.

[ECF No. 15, n. 2].[2]

Interocean now moves to dismiss based on the doctrine of *forum non conveniens* arguing that Peru is a more convenient forum for this litigation.

## DISCUSSION

In a typical case, a court evaluates a *forum non conveniens* motion by considering whether 1) an adequate alternate forum is available; 2) private interest factors favor the alternate forum, with a strong presumption in favor of Plaintiffs' initial choice of forum; 3) public interest factors favor the alternate forum; and 4) Plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice. *See Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009). "The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009).

---

[2]    Although the submitted bill of lading is not entirely legible, the parties have stipulated that this language is accurate.

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). When there is a valid forum-selection clause, the Court no longer considers the private interest factors. *Id.* at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *See id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine*. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *See Wilson*, 590 F.3d at 1269 (citing *Aldana v. Del Monte Fresh Product, N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009).

A) **The forum-selection clause here is valid and enforceable.**

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, (1972)). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.* (citations omitted).

3

Defendant half-heartedly argues that there are two conflicting forum selection clauses in the bill of lading – one mandating the Southern District of Florida and one permitting arbitration in New York -- and that, therefore, there is no enforceable forum selection clause.  The Court finds this argument is without merit.  As evidenced in Maxima's response to the Motion to Dismiss, Interocean's counsel expressly acknowledged that any claim "under the Bill of Lading must be brought exclusively in the United States District Court for the Southern District of Florida." [ECF No. 11, Exhibit A].  Accordingly, the Court finds that the forum selection clause is valid and enforceable.

      **B.**     *Forum Non Conveniens* **Analysis**

Although a valid forum selection clause almost always governs, the Court must still engage in the modified *forum non conveniens* analysis, evaluating whether Peru is an adequate alternative forum and whether the public interest factors weigh in favor of this action remaining in the Southern District of Florida or proceeding in Peru.

    **1.  Adequate and Available**

"[The] '[s]uitability' of the alternative forum is not a 'high hurdle.'" *Lugones v. Sandals Resorts, Inc.*, 875 F. Supp. 821, 824 (S.D. Fla. 1995) (quoting *Carnival Cruise Lines, Inc. v. Oy Wartsila AB*, 159 B.R. 984, 990 (S.D. Fla. 1993)).  The forum must be both available and adequate. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

A forum is available if it is able to assert jurisdiction over the action and if the parties will not be deprived of remedies or treated unfairly.  *See Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1376 (S.D. Fla. 2011).  However, the forum is still "available" even if it does not provide the same benefits as courts in the United States.  *See Id.* (citing *Piper Aircraft*, 454 U.S. at 255 n. 22).  A defendant may usually meet its burden of demonstrating an available forum by indicating it is amenable to service of process or consenting to jurisdiction in the foreign forum.

4

*See Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. App'x 860, 865 (11th Cir. 2007). Interocean has stipulated it would submit to the jurisdiction of a Peruvian court and waive any statute of limitations defense attributable to the delay between the filing of this case and a reasonable time for refiling in Peru. Accordingly, the Court finds that Peru is an available forum.

A forum is considered adequate if it can provide relief to a plaintiff. *Id.* The substantive law of the foreign forum does not need to be as favorable to the plaintiff as the law of the plaintiff's chosen forum. Rather, the plaintiff need only have an opportunity to obtain some relief. *Id.* The Court has no reason to believe Maxima could not obtain relief in Peru. Accordingly, the Court finds Peru is both an available and adequate forum.

### 2. Public interest factors

While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine,* 134 S. Ct. at 582, the Court will still consider the following public interest factors: "the administrative difficulties flowing from court congestion; the local interest in have localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6.

Many of the public interest factors weigh in favor of litigating in Peru. There is little connection between the alleged loss of the cargo and Florida, aside from Maxima and Interocean, both foreign companies, doing business here. On the other hand, Peru likely has an interest in having this controversy, involving its ports and port employees, decided in its own courts. Indeed, there will potentially be a parallel action in Peru against third parties for the loss, although the possibility of parallel actions "is not in itself sufficient to merit forum non conveniens dismissal." *National Union Fire Ins. Co. v. BP Amoco, P.L.C.*, Case No. 03-civ-0200(GEL), 2003

WL 21180421 at *8 (S.D.N.Y. May 20, 2003).  Despite these public interest factors weighing in favor of Peru, the Court does not find that the facts of this case are so "unusual" such that the forum selection clause should not be enforced.  The clause is clear, the parties agreed to litigate this action in the Southern District of Florida, and United States law applies.  Accordingly, the Court does not find good cause to dismiss this action.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** Defendant's Motion to Dismiss is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE